IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY and AMERICAN STATES INSURANCE COMPANY, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 3:05-CV–0019K |
| VS. | § § | |
| TEXAS INSTRUMENTS INCORPORATED, | § | |
| Defendant. | | |

## MEMORANDUM OPINION and ORDER

Before the Court is Plaintiff American Economy Insurance Company ("American Economy") and American States Insurance Company's ("American States") motion for summary judgment. Also before the Court is Defendant Texas Instruments Incorporated's ("TI") motion for summary judgment. Because American Economy has no duty to defendant and indemnify TI under the Primary Policy, and because American States has no duty to defendant and indemnify TI under the Umbrella Policy, the Court **GRANTS** Plaintiffs' motion for summary judgment, and **DENIES** TI's motion for summary judgment.

I.      Background

This lawsuit involves a dispute over insurance coverage. American Economy and American States provided insurance Coverage for Garcia Technical Services, Inc.

("Garcia").  Garcia provided certain services for TI in connection with the terminal segment of a liquid nitrogen line.  Luis Fernandez ("Fernandez"), a Garcia employee, was injured while performing these services for TI.  Fernandez sued TI in a case styled *Luis Fernandez et al. vs. Texas Instruments Incorporated and Chart Industries, Inc.*, Cause No. 04-10272-L, in the 193rd Judicial District Court of Dallas County, Texas (the "Underlying Lawsuit").  American Economy and American States then filed this lawsuit seeking a declaration that they have no duty to defend or indemnify TI.

**II.     Legal Standard**

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Gonzalez v. Denning*, 394 F.3d 388, 391 (5th Cir. 2004).  Contract interpretation is purely a legal issue.  *Gonzalez*, 394 F.3d at 392.  Summary judgment is, therefore, appropriate unless a choice of reasonable interpretations creates an ambiguity in the contract.  *See Amoco Prod. Co v. Texas Meridian Res. Exploration Co., Inc.*, 180 F.3d 664, 669 (5th Cir. 1999).

In cases brought under diversity jurisdiction, this Court interprets contracts according to the applicable state law.  *See Gonzalez*, 394 F.3d at 392.  Under Texas law, insurance policies are interpreted according to the rules of construction applicable to contracts generally.  *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995).  Interpretation of an unambiguous contract is a question of law to be determined by looking at the contract as a whole.  *Coker v.*

*Coker*, 650 S.W.2d 391, 394 (Tex. 1983).  If the terms of a written contract can be given a definite legal meaning, then it is not ambiguous, and summary judgment is appropriate.  *See Gonzales*, 394 F.3d at 391-92.

### III.  American Economy Has No Duty to Defend or Indemnify TI Under the Primary Policy.

The Court Finds that American Economy has no duty to defendant and indemnify TI under the Primary Policy because TI does not qualify as an Additional Insured, and because Garcia did not assume TI's tort liability under an "insured contract."  The Court therefore **GRANTS** summary judgment for American Economy.

#### A.  TI Does Not Qualify as an Additional Insured

TI does not qualify as an Additional Insured under the Primary Policy because Garcia cannot be "held liable" in the underlying lawsuit.  Texas courts apply the "eight corners" rule to determine whether an insurer has a duty to defend by looking at the insurance policy and the pleadings in the underlying lawsuit,. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997).  If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit.  *Id.*  In this case, the Primary Policy states that TI "is an insured only to the extent that you [Garcia] are held liable due to...ongoing operations for that insured."  This unambiguous policy provision means that TI is covered only to the extent that Garcia is held liable in the Underlying Lawsuit.

Garcia cannot be held liable in the Underlying Lawsuit, however, because it is immune from tort liability as a subscriber to worker's compensation insurance. *See* Tex. Labor Code §408.001. Because Garcia cannot be held liable, coverage under the Primary Policy does not extend to TI, and TI is not an Additional Insured.

### B. Garcia Did Not Assume TI's Tort Liability Under an "Insured Contract"

Plaintiff has no duty to defend and indemnify TI, based on contractual indemnity, because Garcia did not assume liability under an "insured contract." The Primary Policy covers contractual indemnity only if Garcia assumes TI's tort liability under an "insured contract." Although Garcia signed an indemnity agreement (the "Indemnity Agreement") with TI , the Indemnity Agreement does not qualify as an "insured contract" under the Primary Policy because Garcia did not assume TI's tort liability. The Primary Policy defines an "insured contract" as any agreement "under which you [Garcia] assume the tort liability of another party." In this case, Garcia did not assume TI's tort liability under the Indemnity Agreement. The Indemnity Agreement states that "Contractor [Garcia] shall defend...Owner [TI]...against all claims...to the extent arising from the acts or omissions or failure of Contractor [Garcia]...." This language only requires Garcia to defend or indemnify TI for Garcia's negligence; it does not require Garcia to assume TI's tort liability. *See Ethyl Corp. v. Daniel Construction Co.* 725 S.W.2d 705, 708 (Tex. 1987) (interpreting similar indemnity language). Because the Indemnity Agreement does not require

Garcia to assume TI's tort liability, the Indemnity Agreement does not qualify as an "insured contract," and Plaintiff has no duty to defend and indemnify TI based on contractual indemnity.

### IV. American States Has No Duty to Defend or Indemnify TI Under the Umbrella Policy

The Court Finds that American States has no duty to defendant and indemnify TI under the Umbrella Policy because the Employer's Liability Exclusion applies, and because the Umbrella Policy does not cover the Indemnity Agreement between Garcia and TI.  The Court therefore **GRANTS** summary judgment for American States.

#### A. The Employer's Liability Exclusion Applies

TI argues that it qualifies as an Insured under Section II, subsections D and G, of the Umbrella Policy.  Even if the Court were to find that TI qualifies as an Insured under subsections D and G, American States has no duty to defend and indemnity TI under the Umbrella Policy because of the Employer's Liability Exclusion.  Section III, subsection C, of the Umbrella Policy excludes coverage for any bodily injury to "an 'employee' of any insured arising out of and in the course of employment."  Garcia is the Named Insured under the Umbrella Policy, and Fernandez is Garcia's employee.  Fernandez' claim for bodily injury, arising out of his employment with Garcia, is therefore excluded from coverage.

The Court further holds that the exception to the Employer's Liability Exclusion does not apply in this case.  An exception to the Employer's Liability

Exclusion applies if "liability [is] assumed by the insured under an 'insured contract' or covered by 'scheduled underlying insurance' [the Primary Policy]." The Court has already found, however, that Garcia did not assume liability under an "insured contract," as discussed in Section III. B. of this Opinion, and that Fernandez' claims are not covered by the Primary Policy because Garcia is immune from tort liability, as discussed in Section III. A. of this Opinion. Therefore, no exemption to the Employer's Liability Exclusion applies, and Fernandez' claims for bodily injury are excluded from coverage under the Umbrella Policy.

### B.  The Umbrella Policy Does Not Cover Garcia's Indemnity Agreement

The Umbrella Policy provides "follow form" coverage with respect to Garcia and TI's Indemnity Agreement. The Umbrella Policy clearly states that it does not apply to Garcia's contractual indemnity, "[e]xcept to the extent that coverage is provided by [the Primary Policy]." In other words, whether contractual indemnity is covered by the Umbrella Policy depends on whether it is covered under the Primary Policy. Because the Indemnity Agreement is not covered under the Primary Policy, as discussed in section III. B. of this Opinion, it is also not covered under the Umbrella Policy.

### V.  Conclusion

Because American Economy has no duty to defendant and indemnify TI under the Primary Policy, and because American States has no duty to defendant and

indemnify TI under the Umbrella Policy, the Court **GRANTS** Plaintiffs' motion for summary judgment, and **DENIES** TI's motion for summary judgment.

**SO ORDERED**.

Signed March   8th   , 2006.

                                       s/Ed Kinkeade
                                      ED KINKEADE
                                      UNITED STATES DISTRICT JUDGE